UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEY D. WILLIAMS,

       Petitioner,

                                    Case No. 15-cv-10100

v.

                                    HON. MARK A. GOLDSMITH

MARY BERGHUIS,

       Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 8); (2) SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1); (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND (4) DENYING PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

**I.  INTRODUCTION**

Petitioner Courtney D. Williams, confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges his conviction and sentence for second-degree murder, Mich. Comp. Laws § 750.317; and possession of a firearm in the commission of a felony [felony-firearm], Mich. Comp. Laws § 750.227b.

Petitioner filed this petition for writ of habeas corpus on January 5, 2015. In lieu of filing an answer to the petition, on July 17, 2015, Respondent filed a motion for summary judgment on the ground that the petition was not timely filed (Dkt. 8). On August 24, 2015, Petitioner filed a response to Respondent's motion (Dkt. 10).

For the reasons stated below, the Court grants Respondent's motion for summary judgment and dismiss the petition as time-barred. The Court also declines to issue Petitioner a certificate of appealability and denies Petitioner leave to appeal in forma pauperis.

## II.  BACKGROUND

Petitioner and three other individuals were charged with first-degree murder, assault with intent to commit murder, carrying a concealed weapon, and felony-firearm.

On October 19, 2004, Petitioner pleaded guilty to a reduced charge of second-degree murder and to the felony-firearm charge in the Genesee County Circuit Court.  The prosecutor agreed to dismiss the remaining charges, and agreed to a sentence at the low end of the sentencing guidelines range.

Petitioner was sentenced on December 8, 2014 to 18 years, nine months to 50 years in prison on the second-degree murder conviction, and received a consecutive two-year sentence on the felony-firearm conviction.

Direct review of Petitioner's conviction ended in the Michigan courts on September 26, 2006, when the Michigan Supreme Court denied Petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals.  People v. Williams, 721 N.W. 2d 212 (Mich. 2006).

On June 10, 2011, Petitioner filed a post-conviction motion for relief from judgment with the state trial court pursuant to M.C.R. 6.500, et seq. (Dkt. 9-13).  After the trial court and the Michigan Court of Appeals denied post-conviction relief, collateral review of Petitioner's conviction ended in the state courts on January 31, 2014, when the Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his post-conviction motion. People v. Williams, 843 N.W.2d 190 (Mich. 2014).

Petitioner's habeas application is signed and dated January 5, 2015 and was filed with this Court on January 8, 2015.[1]

### III. STANDARDS OF DECISION

Respondent's argues in his motion for summary judgment that Petitioner's habeas petition should be barred from federal habeas review by the one-year statute of limitations. A motion for summary judgment should be granted if the movant shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The summary judgment rule applies to habeas proceedings. See Redmond v. Jackson, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Under the prison mailbox rule, the Court will assume that Petitioner actually filed his habeas petition on January 5, 2015, the date that it was signed and dated. See Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999).

3

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A habeas petition filed outside the time period prescribed by this section must be dismissed. See Isham v. Randle, 226 F.3d 691, 694-695 (6th Cir. 2000), overruled on other grounds, Abela v. Martin, 348 F.3d 164, 172-173 (6th Cir. 2003); see also Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004); Lee v. Brunsman, 474 F. App'x 439, 441 (6th Cir. 2012).

## IV.  ANALYSIS

### A.  Petitioner's Habeas Petition Is Untimely Under the Statute

The Michigan Court of Appeals affirmed Petitioner's conviction on direct review on March 6, 2006. People v. Williams, No. 267438 (Mich. Ct. App. Mar. 6, 2006) (Dkt. 9-18). The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 26, 2006. People v. Williams, 721 N.W. 2d 212 (Mich. 2006).

If a habeas petitioner appeals to the Michigan Supreme Court but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009); see also Clay v. United States, 537 U.S. 522, 527 (2003) ("[T]he federal judgment becomes final 'when this Court affirms conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing a certiorari petition expires'"). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment."

4

Sup. Ct. R. 13; see also Gonzalez v. Thaler, 132 S. Ct. 641, 653-654 (2012). Because Petitioner did not seek a writ of certiorari with the United States Supreme Court, Petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on December 25, 2006. See Grayson v. Grayson, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002). Because December 25, 2006 was a court holiday, Petitioner would have had an additional day, or until December 26, 2006, until the statute of limitations began running. See Fed. R. Civ. P. 6(a)(1)(C). Absent equitable or statutory tolling, Petitioner had until December 26, 2007 to timely file his habeas petition.

Petitioner filed a post-conviction motion for relief from judgment with the state court on June 10, 2011, after the one year limitations period had already expired.

Although 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute, a state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2), because there is no period remaining to be tolled. See Jurado v. Burt, 337 F.3d 638, 641 (6th Cir. 2003); see also Hargrove v. Brigano, 300 F.3d 717, 718 n.1 (6th Cir. 2002). Moreover, the mere fact that Petitioner raised a claim of ineffective assistance of appellate counsel in his post-conviction motion would not re-start the one-year limitations process anew. A motion for state post-conviction review which alleges ineffective assistance of appellate counsel tolls, but does not restart, the AEDPA's limitations period. See Allen, 366 F.3d at 401; see also McClendon v. Sherman, 329 F.3d 490, 493 (6th Cir. 2003). Because the limitations period had already expired by the time that the post-conviction motion was filed, the fact that Petitioner alleged the ineffective assistance of appellate counsel in this

5

motion would not revive the statute of limitations. Therefore, Petitioner's state post-conviction proceedings did not toll the statute of limitations and his current habeas petition is untimely.

The Court is aware that Petitioner alleges in his third claim that he has newly discovered evidence that Adrian Thomas, a witness who implicated Petitioner in the shooting and testified against him at the preliminary examination, committed perjury at the preliminary examination. Adrian Thomas signed an affidavit, dated February 23, 2009, claiming that he was coerced by two men with whom he was incarcerated at the county jail to incriminate Petitioner, because these two men were afraid that they would be charged with the shooting. Thomas recanted his preliminary examination testimony against Petitioner, claiming that these two men threatened to kill Thomas's family if he did not incriminate Petitioner.

Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. See Ali v. Tenn. Bd. of Pardon & Paroles, 431 F.3d 896, 898 (6th Cir. 2005). However, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. Redmond, 295 F. Supp. 2d at 771. Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. Id. In addition, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." Redmond, 295 F. Supp. 2d at 771. "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual

6

predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." Id. at 772. Lastly, newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery . . . is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." Jefferson v. United States, 730 F.3d 537, 547 (6th Cir. 2013) (quoting Rivas v. Fischer, 687 F.3d 514, 535 (2d Cir. 2012)).

The Sixth Circuit has suggested that the provisions of 28 U.S.C. § 2244(d)(1)(D) should be decided on a claim-by-claim basis, rather than with respect to all of the claims contained within the petition. See Ege v. Yukins, 485 F.3d 364, 373-374 (6th Cir. 2007) (§ 2244(d)(1)(D) did not delay the commencement of the limitations period with respect to petitioner's ineffective assistance of counsel claim, but delayed the commencement of the limitations period for petitioner's due process claim, when the factual predicate of that claim was discovered at a later date); see also DiCenzi v. Rose, 452 F.3d 465, 469-470 (6th Cir. 2006) (holding that statute of limitations on claim that state appellate court improperly denied a motion for delayed appeal under 28 U.S.C. § 2244(d)(1)(D) began on a different date than did the claims that related to issues that occurred at sentencing); Jackson v. Hofbauer, No. 05-CV-74916-DT, 2007 WL 391405, at *8 (E.D. Mich. Jan. 31, 2007) (§ 2244(d)(1)(D) applied on a claim-by-claim basis).

The Supreme Court has not specifically addressed whether the provisions of 28 U.S.C. § 2244(d)(1)(D) should be applied to the entire habeas application, or decided on a claim-by-claim basis. However, in dicta in Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005), the Supreme Court indicated that § 2244(d)(1) provided one means of calculating the limitation period with regard to the "application" as a whole, namely, § 2244(d)(1)(A) (date of final

7

judgment), but noted that the three other subsections — § 2244(d)(1)(B), § 2244(d)(1)(C); and § 2244(d)(1)(D) — required a claim-by-claim consideration for calculating the limitations period. The Court is, therefore, required to evaluate each of Petitioner's claims separately to determine whether the provisions of § 2244(d)(1)(D) would render any, or all, of the claims timely.

Petitioner has raised three claims in his petition for writ of habeas corpus. In brief, these claims are: (i) Petitioner was denied the effective assistance of trial counsel; (ii) Petitioner was denied the effective assistance of appellate counsel for failing to raise claims of ineffective assistance of trial counsel on Petitioner's direct appeal; and (iii) newly discovered evidence that Adrian Thomas committed perjury at the preliminary examination.

With the exception of Petitioner's third claim, the allegedly newly discovered evidence of Thomas's recanting affidavit has no connection to Petitioner's other claims. Because Petitioner's first and second claims do not rest upon the newly discovered evidence of Thomas's recanting affidavit, this evidence cannot logically constitute a "factual predicate" for Petitioner's first two claims, as defined by § 2244(d)(1)(D). Thus, these claims are time-barred, regardless of whether the alleged recanting affidavit would constitute newly discovered evidence with respect to Petitioner's third claim. Ege, 485 F.3d at 373.

Assuming that the statute of limitations for Petitioner's third claim did not commence until Thomas signed his recanting affidavit, the petition is nonetheless untimely. Thomas signed his affidavit on February 23, 2009. Petitioner did not file his post-conviction motion for relief from judgment until over two years later on June 10, 2011. Petitioner did not file his petition here until January 5, 2015. Since Petitioner did not file his habeas petition or his state post-conviction motion within one year of obtaining Adrian Thomas's affidavit, the petition is still untimely, because Petitioner failed to file his petition or his state post-conviction motion within

8

the one-year limitations period set forth in § 2244(d)(1)(D). See Souter v. Jones, 395 F.3d 577, 587-588 (6th Cir. 2005).

### B. Petitioner Is Not Entitled to Equitable Tolling

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one-year limitations period. Id.

In this case, Petitioner is not entitled to equitable tolling of the one-year limitations period, because he failed to argue that circumstances of his case warranted equitable tolling. See Giles v. Wolfenbarger, 239 F. App'x 145, 147 (6th Cir. 2007).

The one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in Schlup v. Delo, 513 U.S. 298 (1995). McQuiggin v. Perkins, 133 S. Ct. 192, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" McQuiggin, 133 S. Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup, 513 U.S. at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e]

9

evidence' purporting to show actual innocence." Id. (quoting Schlup, 513 U.S. at 332). For an actual innocence exception to be credible under Schlup, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. See Ross v. Berghuis, 417 F.3d 552, 556 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is particularly inapplicable, in light of the fact that Petitioner pleaded guilty to the charges that he challenges in this petition. See Reeves v. Cason, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

Thomas's recanting affidavit is insufficient to establish Petitioner's innocence, so as to toll the limitations period. Recanting affidavits and witnesses are viewed with "extreme suspicion." United States v. Chambers, 944 F.2d 1253, 1264 (6th Cir. 1991); see also Byrd v. Collins, 209 F.3d 486, 508 n.16 (6th Cir. 2000). Furthermore, a federal court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." Schlup, 513 U.S. at 332.

Thomas did not sign his recanting affidavit until February 23, 2009, which was more than four years after Petitioner was convicted, and more than five years after Thomas testified at Petitioner's preliminary examination on December 4, 2003. The purported affidavit does not offer any convincing explanation as to why Thomas waited more than five years to recant his preliminary examination testimony. See Lewis v. Smith 100 F. App'x 351, 355 (6th Cir. 2004) (proper for district court to reject as suspicious a witness' recanting affidavit made two years

10

after petitioner's trial); see also Strayhorn v. Booker, 718 F. Supp. 2d 846, 874 (E.D. Mich. 2010) (long-delayed affidavit of accomplice recanting statement to police did not establish petitioner's actual innocence where it was made almost two years after petitioner's trial).

The Court also notes that Thomas was sentenced on September 9, 2008 to five years and eleven months to 15 years in prison for a manslaughter conviction, and an additional two-year prison term for a felony-firearm conviction and, thus, was incarcerated when he signed his recanting affidavit on February 23, 2009.[2] Thomas is still in prison for these crimes. Jailhouse recantations usually lack any meaningful indicia of reliability and are "properly regarded as 'highly suspicious.'" United States v. Connolly, 504 F.3d 206, 215 (1st Cir. 2007). "[R]easonable jurors no doubt could question the credibility of this about face from [Thomas] and rationally could discount his testimony as nothing more than an attempt to keep from being ''pegged as a rat' for having originally identified" Petitioner as being involved with this crime. See McCray v. Vasbinder, 499 F.3d 568, 574 (6th Cir. 2007). Because recantation testimony is regarded with "extreme suspicion," Thomas's alleged recantation is not the type of reliable evidence that would establish Petitioner's actual innocence. See, e.g., Carter v. Mitchell, 443 F.3d 517, 539 (6th Cir. 2006).

The Court is further aware that Petitioner claims that trial counsel was ineffective for failing to present an alibi defense, and that appellate counsel was ineffective for failing to raise this claim on his direct appeal. Petitioner has attached to his petition an affidavit from his cousin Demetric Dubois, dated February 8, 2011, in which DuBois claims that Petitioner was with him at his recording studio at the time of the murder.

---

[2] The Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this court is permitted to take judicial notice of. See Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

DuBois's affidavit is suspect because he is Petitioner's cousin. Affidavits from family members that are created after trial are not sufficiently reliable evidence to support a finding of actual innocence. See Milton v. Sec., Dep't of Corr., 347 F. App'x 528, 531-532 (11th Cir. 2009). Neither DuBois nor Petitioner explain why it took DuBois some seven and a half years after the incident, and over six years after Petitioner pleaded guilty, to provide an affidavit in support of an alibi defense. Because DuBois's credibility is suspect, his affidavit is insufficient to establish Petitioner's actual innocence, so as to toll the limitations period. See Freeman v. Trombley, 483 F. App'x 51, 60 (6th Cir. 2012) (affidavit of petitioner's former girlfriend who provided alibi, signed 15 years after petitioner had been convicted of first degree murder, did not provide kind of extraordinary showing that was required to establish petitioner's factual innocence, to support equitable tolling of statute of limitations).

**C. The motion to compel Rule 5 materials.**

As part of his response to the motion for summary judgment, Petitioner claims that the Attorney General failed to file a copy of Petitioner's amended motion of newly discovered evidence when he filed the Rule 5 Materials.

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

A review of the Court's docket indicates that the amended motion of newly discovered evidence was been provided to the Court. Am. Mot. of Newly Discovered Evid. (Dkt. 9-15). Accordingly, there is no reason to compel the production of this document. Petitioner's motion

to order Respondent to file the specified Rule 5 materials will, therefore, be denied. See Burns v. Lafler, 328 F. Supp. 2d 711, 717-718 (E.D. Mich. 2004).

### D. Certificate of Appealability and Leave to Proceed In Forma Pauperis on Appeal

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id.

In this case, the Court declines to issue Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period. See Grayson v. Grayson, 185 F. Supp. 2d at 753. The Court also denies Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous. See Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

### IV. CONCLUSION

The Court concludes that Petitioner failed to file his habeas petition within the applicable statute of limitations period. Accordingly, the Court grants Respondent's motion for summary judgment (Dkt. 8) and denies the petitioner for habeas corpus with prejudice (Dkt.1). Finally, the Court declines to issue Petitioner a certificate of appealability, and denies Petitioner leave to appeal in forma pauperis.

SO ORDERED.

Dated: October 26, 2015  s/Mark A. Goldsmith
      Detroit, Michigan  MARK A. GOLDSMITH
      United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2015.

      s/Karri Sandusky
      Case Manager